**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW PHILLIPS, on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION, <br><br> *Defendant.* | Case No. 1:26-cv-02405-PKC-RML <br><br> Assigned to the Hon. Pamela K. Chen <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DAVID COYNE'S MOTION FOR APPOINTMENT OF TINA WOLFSON OF AHDOOT & WOLFSON, PC AS INTERIM LEAD CLASS COUNSEL** |
| CYNTHIA SQUIRE, on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION, <br><br> *Defendant.* | Case No. 1:26-cv-02629-PKC-RML |
| CHRISTIAN YUN and ARUNA VISWESWARA, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION, <br><br> *Defendant.* | Case No. 1:26-cv-03382-PKC-RML |
| DAVID COYNE, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION, <br><br> *Defendant.* | Case No. 1:26-cv-03487-CHK |

Pursuant to Federal Rules of Civil Procedure ("Rule") 23(g), Plaintiff David Coyne (Case No. 1:26-cv-3487), by and through his respective attorneys, hereby submits this Memorandum of Law in support of his Motion for Appointment of Tina Wolfson of Ahdoot & Wolfson, PC as Interim Lead Class Counsel for the four above captioned cases arising from the alleged website tracking conduct by Defendant JetBlue Airways Corporation ("JetBlue").

## I.    Introduction

Ms. Wolfson is best qualified among the applicants to lead this litigation on behalf of the proposed class because she: (1) has the most experience litigating privacy and consumer protection class actions, including pricing cases against other airlines; (2) with offices and attorneys in New York, her firm has the necessary resources in terms of human talent and financial assets to litigate the case, even if appointed sole lead; and (3) she will maximize efficiency by bringing decades-long experience of working collaboratively with other plaintiffs' counsel and defense counsel, as well as her deep experience working with the judiciary and the bar, to minimize disputes that are brought to the Court. The Court can rest assured that, whether appointed as sole lead counsel or co-lead counsel with any of the other applicants, she will utilize the specific talents of all counsel with equity and efficiency to maximize the result for the class.

As a veteran class action litigator with a proven track record of working cooperatively with counsel on both sides of the aisle, Ms. Wolfson is this Court's best choice to effectively steward this litigation on behalf of the putative class and to ensure fair and efficient allocation of efforts and resources among plaintiffs' counsel. She and her firm have met and conferred with JetBlue's counsel, who indicated JetBlue takes no position on this or any other plaintiff leadership motion, including any request to consolidate these related actions.

## II.    Background

JetBlue is an airline company that operates throughout North America and is headquartered within this District. On April 18, 2026, a JetBlue employee admitted that JetBlue uses algorithmic pricing in responding to a consumer complaining of a price increase on the X social media platform by instructing the consumer to "Try clearing your cache and cookies or booking with an incognito window." This post was the catalyst for Ahdoot Wolfson's thorough investigation into the allegations, as it was for the first filed case. *See* ECF No. 23-1 at 4. The four related class actions allege similar claims against JetBlue for allegedly violating consumers' privacy and unlawfully utilizing tracking technologies to improperly profile its customers and manipulate flight prices. All four cases are in the early stages of litigation, with JetBlue not yet responding to any of the complaints and no discovery yet exchanged between the parties.

## III.    Ms. Wolfson Is Best Able to Represent the Interests of the Class.

Under Rule 23(g)(3),"[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The Court should consider the following factors when selecting class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

Under Rule 23(g)(2), "[i]f more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(l)(B). For example, courts consider counsel's

willingness and ability to work cooperatively with others. *See, e.g.*, *In re Parking Heaters Memorandum Antitrust Litig.*, 301 F.R.D. 54, 57 (E.D.N.Y. 2015) (appointing lead counsel who "demonstrated their ability to work cooperatively with each other, with the court, *and most importantly, with the other attorneys representing plaintiffs with significant interests in this litigation*." (emphasis added)). Here, each of the Rule 23(g) factors supports appointing Ms. Wolfson as Interim Lead Class Counsel.

### A. Ms. Wolfson has deep experience prosecuting consumer class actions, including privacy cases and airline-related cases.

Ms. Wolfson is one of a handful of female founding partners of a premier national class action law firm. She has successfully vindicated the rights of millions of class members in complex litigation, conferring billions of dollars to victims and effecting real change in corporate behavior. She has led, by court appointment, some of the most novel and impactful class actions throughout the country, and she enjoys an excellent reputation among the judiciary, her colleagues, and her opposing counsel. She is an active leader in numerous organizations that promote access to justice. *See* Declaration of Tina Wolfson ("Wolfson Decl."), at ¶ 2, Ex. 1 (resume).

Some of Ms. Wolfson's successes include: a $500 million settlement to iPhone users whose device performance and battery life were allegedly deliberately degraded in the *Apple Inc. Device Performance Litigation*, No. 18-md-2827 (N.D. Cal.) (Hon. Edward J. Davila) (plaintiff steering committee); a $420 million settlement in an alleged breach of lifetime subscription class action in *Alvarez v. Sirius XM Radio*, No. 18-cv-8605 (C.D. Cal.) (Hon. James V. Selna) (lead counsel); a $295 million settlement to electricity users who paid an allegedly illegal tax in *Eck v. City of Los Angeles*, No. BC577028 (Cal. Super. Ct.) (Hon. Ann I. Jones) (lead counsel); and a $100 million settlement for Illinois residents appearing in photographs on Google Photos whose biometric information allegedly was illegally collected, stored, and used in *Rivera v. Google LLC*, No. 2019-

CH-00990 (Ill. Cit. Ct.) (Hon. Anna M. Loftus) (lead counsel).

In recognition of her qualifications, Ms. Wolfson has been selected to lead major class actions by judged in New York District Courts as well, such as in *Pantelyat v. Bank of America, N.A.*, No. 16-cv-8964 (S.D.N.Y.) (Hon. Alison J. Nathan) (lead counsel), *In re KIND LLC "Healthy And All Natural" Litigation*, No. 15-md-2645 (S.D.N.Y.) (Hon. William H. Pauley, III and Hon. Naomi Reice Buchwald) (lead counsel), and *In re Coinbase Customer Data Security Breach Litigation*, No. 25-md-3153 (S.D.N.Y.) (Hon. Edgardo Ramos) (lead counsel). Ms. Wolfson is a member of the New York Bar.

Since its inception, and through decades of technological advances, Ahdoot Wolfson has successfully prosecuted novel privacy class actions. In the late 1990s, the firm successfully advocated for the privacy rights of millions of consumers against major financial institutions based on the unlawful compilation and sale of detailed personal financial data to third-party telemarketers without consumers' consent. While such practices later became the subject of Gramm-Leach-Bliley Act regulation, they were novel and hidden from public scrutiny at the time Ahdoot Wolfson was prosecuting them. The firm's work shed light on how corporations and institutions collect, store, and monetize mass data, leading to governmental regulation. Ahdoot Wolfson has been at the forefront of privacy-related litigation since then, shaping relevant law and achieving landmark successes.

In *Remijas v. Neiman Marcus Group, LLC*, Ms. Wolfson and her firm successfully appealed the trial court's order granting a motion to dismiss based on lack of Article III standing. The Seventh Circuit's groundbreaking opinion, now cited in every standing brief, was the first appellate decision to consider the issue of Article III standing in data breach cases in light of the Supreme Court's decision in *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013) and concluded that data

breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes in out-of-pocket damages. *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015) (reversed and remanded).

Similarly, in the *U.S. Office of Personnel Management Data Security Breach Litigation*, No. 15-mc-1394 (D.D.C.) (Hon. Amy Berman Jackson), Ms. Wolfson, as a member of the plaintiffs' steering committee, briefed and argued, in part, the granted motions to dismiss based on standing, briefed in part the successful appeal to the D.C. Circuit, and had an important role in reaching a $63 million settlement for a class of federal government employees.

Some of her other privacy successes include: a $150 million settlement in the *Experian Data Breach Litigation*, No. 15-cv-1592 (C.D. Cal.) (Hon. Andrew J. Guilford) (lead counsel); a $74 million settlements in the *Premera Blue Cross Customer Data Security Breach Litigation*, No. 15-md-2633 (D. Or.) (Hon. Michael H. Simon) (executive committee); an $85 million settlement in the *Zoom Video Communications, Inc. Privacy Litigation*, No. 20-cv-2155 (N.D. Cal.) (Hon. Lucy H. Koh and Hon. Laurel Beeler) (lead counsel); and a $64 million settlement in the *Google Location History Litigation*, No. 18-cv-5062 (N.D. Cal.) (Hon. Edward J. Davila) (lead counsel). All these settlements provided for robust injunctive relief that significantly overhauled the defendants' data collection and security practices.

Recently, Ms. Wolfson was appointed to co-lead in the *Meta Android Privacy Litigation*, No. 25-cv-4674 (N.D. Cal.) (Hon. Rita F. Lin), a consolidated privacy case arising from similar tracking conduct as alleged in the instant cases.

Specific airline industry-related legal issues will also be pivotal in this litigation. Ahdoot Wolfson has significant experience with such issues having prosecuted various class actions against airlines. *See, e.g.*, *Dusko v. Delta Air Lines, Inc.*, No. 20-cv-1664 (N.D. Ga.) (Hon. Eleanor

L. Ross); *Herrera v. Cathay Pacific Airways Ltd.*, No. 20-cv-3019 (N.D. Cal.) (Hon. Joseph C. Spero); *Young v. Frontier Airlines, Inc.*, No. 20-cv-1153 (D. Colo.) (Hon. Philip A. Brimmer).

Ms. Wolfson will be supported by a team of experienced partners and talented associates, and will tap into additional staff if necessary. Bradley King and Melissa Clark are partners at Ahdoot Wolfson who each have over 15 years of class action experience with a focus on data privacy cases, including many court-appointed leadership roles. Yufei Wang, a talented third-year associate, also will work on the case. *See* Wolfson Decl. ¶ 2, Ex. 1.

**B.      Ahdoot Wolfson performed substantial work investigating the underlying conduct and potential claims and have the necessary resources to prosecute this case to an efficient and successful resolution for the class.**

Ahdoot Wolfson dedicated and will continue to dedicate significant time and resources to this action. These efforts include substantial public materials and legal research, factual research and client interviews, consulting with experts, and efforts to coordinate with the other plaintiffs' counsel and defense counsel to streamline and seek efficiency in the litigation of these four related actions. They:

- Investigated JetBlue's public statements about the alleged practices;

- Investigated the alleged website tracking, including the technologies and methodologies behind the alleged algorithmic pricing practices;

- Retained consulting experts to perform initial analysis of the claims, as well as contacted potential testifying experts;

- Interviewed numerous class members around the country regarding the alleged website tracking and their individual experiences;

- Researched the plaintiffs' and class members' potential claims under state and federal laws;

- Drafted the complaint;

- Researched JetBlue's corporate structure;

- Investigated JetBlue's publicly available privacy policies and disclosures on website pricing;

- Evaluated JetBlue's likely defenses based on extensive factual and legal research;

- Investigated the adequacy of Mr. Coyne and other class members to represent the putative class;

- Sought to coordinate and collaborate with the other plaintiffs' counsel to reach agreement on an efficient path forward for all four related actions;

- Conferred with JetBlue's counsel regarding entry of a protective order and the potential exchange of information;

- Continues to perform due diligence in following up on all issues, and further investigation of the facts and potential claims available to plaintiffs and the putative class members based on JetBlue's alleged conduct.

Wolfson Decl. ¶ 3. The firm continues to investigate and develop the case as additional class members and facts come forward.

These efforts demonstrate Ahdoot Wolfson's commitment to this case. The firm has sufficient human resources and financial resources to litigate this case to a successful completion, including through trial and appeal if necessary, and has developed unique insights into the staffing and funding needed to litigate large class actions like this one. Ahdoot Wolfson has never sought third-party funding and has always met its assessments in every case. *Id.* ¶ 4.

By contrast, one of the applicants for lead is a two-lawyer start-up firm which is unlikely to have the necessary human and financial resources to prosecute this case. Its application relies on the resources of its proposed co-lead, but the Court should evaluate each applicant on its own and pick those "best able" to represent the class and most able to dedicate the necessary resources to this important matter.

### C.    Ms. Wolfson's willingness and ability to work cooperatively with other counsel further supports her appointment.

In addition to her three decades of national complex litigation experience, Ms. Wolfson

dedicates significant effort to promote the administration of justice. She has been vetted and selected by the federal judiciary to serve as a lawyer representative for the Central District of California; on the Ninth Circuit Judicial Conference Executive Committee, where she works with the other members (judges and lawyers) to develop substantive CLE content for the Conference; and on the Merit Selection Panel for the Central District of California, which vets and recommends candidates for Magistrate Judge positions. This year, she is chairing a CLE session entitled "Life, Liberty and the Pursuit of Privacy" at the Ninth Circuit Judicial Conference celebrating the nation's Semiquincentennial.

Ms. Wolfson also serves as a member of the Board of Public Justice and the American Business Trial Lawyer Association, and she has served as a participant and panelist at the Bolch Judicial Institute Conferences at Duke Law School, as well as the Institute for the Advancement of the American Legal System at the University of Denver. She is often invited to lecture on class action topics to the bar and the judiciary. These appointments and invitations speak volumes about Ms. Wolfson's stellar professional reputation and her ability to work amicably and efficiently with others to minimize the expenditure of court resources while maximizing class recovery. *See id.* ¶ 2, Ex. 1.

Ms. Wolfson has a long history of working cooperatively with others, including some of the plaintiffs' counsel here. *Id.* ¶ 5. In contrast, the other applicants for lead counsel have already demonstrated that dealing professionally with colleagues, even if they ultimately disagree, is not a priority to them, thus necessitating these competing motions. *See id.*; *see also* ECF No. 24. Ms. Wolfson and her firm also have actively engaged with JetBlue's counsel to streamline the proceedings. Wolfson Decl. ¶ 5.

- 8 -

In addition to decades of relevant litigation experience and subject matter expertise, Ms. Wolfson brings with her both the practical experience and professional disposition to bring this case to a successful resolution in an efficient and inclusive manner, where all firms are given the opportunity to contribute to maximize recovery for the class without duplication and a waste of resources. If appointed, Ms. Wolfson will implement contemporaneous billing guidelines and efficiency protocols, like those implemented in other consolidated class actions within this District. All fee applications would comport with Second Circuit law. *Id.* ¶ 6.

## IV.    Conclusion

For the foregoing reasons, Plaintiff Coyne respectfully requests that the Court appoint Tina Wolfson as Interim Lead Class Counsel for Plaintiffs.

Respectfully submitted,

Dated: June 26, 2026

*/s/ Tina Wolfson*
Tina Wolfson (NY Bar No. 5436043)
twolfson@ahdootwolfson.com
Yufei Wang (*pro hac vice* application forthcoming)
ywang@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

Melissa Clark (NY Bar No. 4560538)
mclark@ahdootwolfson.com
Bradley K. King (NY Bar No. 5585336)
bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone: (917) 336-0171
Facsimile: (917) 336-0177

*Counsel for Plaintiff David Coyne, Case No. 1:26-cv-3487, and the Proposed Class*

- 9 -

## <u>CERTIFICATE OF COMPLIANCE</u>

As required by Local Rule 7.1(c), I certify that this memorandum contains 2,537 words, excluding the parts of the document that are exempted by this rule.

Dated: June 26, 2026                     */s/ Tina Wolfson*
                                          Tina Wolfson